

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Renfro Speed
County Attorney
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. O-54
Re: Whether "movie critic"
scheme of theatre consti-
tutes a lottery.

Thank you for the request contained in your letter of November 14, 1939, for the opinion of this department as to whether or not the following scheme constitutes a lottery and as such stands condemned by the Penal Code of this State. We quote from your letter:

"A motion picture theatre provides a fund and advertises the amount thereof; its patrons, all of whom or most all of whom pay admission, are invited to write their names on a book or registry provided for that purpose; all of those names are kept and on certain nights a drawing is made from the names and the person whose name is drawn, if present, is designated as 'movie critic'; and this 'movie critic' is then entitled to attend and it is his duty to attend a number of shows free of charge and to write criticisms of the pictures shown on such occasions, for which criticisms the theatre pays him the fund that has been provided."

Section 47 of Article III of the Constitution of Texas reads:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this state, as well as the sale of tickets in lotteries, gift enterprises or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

other evasions involving the lottery principal, established or existing, in other states."

Pursuant to such command the Legislature passed Article 654 of the Penal Code, which reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than One Hundred ($100) Dollars nor more than One Thousand ($1000) Dollars; or if any person shall sell, offer for sale or keep for sale any tickets or part tickets in any lottery, he shall be fined not less than Ten ($10) Dollars nor more than Fifty ($50) Dollars."

In City of Wink vs. Griffith Amusement Company, 100 S. W. (2d) 695, (Tex. Sup. Ct.), the court said:

"The State Penal Code does not define a lottery, but our courts have interpreted it in accordance with public usage, to mean a scheme or plan which provides for a distribution of prizes by chance among those who have paid, or agreed to pay, a consideration for the right to participate therein. 28 Tex. Jur. p. 409, Sec. 2, and cases cited in the notes."

This department has on several occasions passed on the question of what constitutes a lottery, holding in

(1) Opinion O-428 to Honorable Clint A. Barham, County Attorney, Erath County, dated April 26, 1939, that a number system used by a theatre where each seat in the theatre is numbered and a ticket is selected or drawn from a number of tickets containing all the numbers on the seats and a money award or other thing of value is given to the person sitting in the seat that has a corresponding number with the number drawn is a "lottery" and the operation thereof is a violation of Article 654 of the Penal Code.

(2) Opinion O-967 to Honorable Tom Seay, County Attorney, Potter County, dated June 14, 1939, that a scheme whereby, in substance, a theatre owner gives a prize to some patron of

the theatre present after a drawing from which some patron's automobile license number may be selected, under the facts presented, constitutes a violation of the lottery laws of this state.

(3) Opinion O-1174 to Honorable Robert S. Cherry, County Attorney, Bosque County, dated August 10, 1939, that it is a violation of the law for the merchants of a given town or community to give their customers tickets with each purchase of merchandise from them, which tickets are good for chances upon merchandise or money given away at drawings, held periodically in the said town or community.

(4) Opinion O-1200 to Honorable Robert F. Peden, Jr., County Attorney, Matagorda County, dated August 12, 1939, that the "Aces Quiz Night" scheme or plan (under the facts stated to this office) is a "lottery" and in violation of Article 654 of the Penal Code of this state.

(5) Opinion O-1329 to Honorable Jack Borden, County Attorney, Parker County, dated September 8, 1939, that a scheme whereby, in substance, a theatre buys the fingerprints of a citizen of the community by selection of one fingerprint from the files of the theatre, is a violation of the lottery laws of this state.

(6) Opinion O-1336 to Honorable Paul T. Holt, County Attorney, Travis County, dated September 18, 1939, that a scheme whereby, in substance, a "suit club" gives credits in trade to winning contestants for completing a sentence, etc., constitutes a violation of the lottery laws of this state.

In the case of Griffith Amusement Company vs. Morgan, 98 S. W. (2d) 844, it was held that the elements essential to constitute a lottery are (1) a prize in money or thing of value, (2) distribution by chance and (3) payment, either directly or indirectly, of a valuable consideration for the chance to win the prize. See also City of Wink vs. Griffith Amusement Company, supra; Featherstone vs. Independent Service Station Association, 10 S. W. (2d) 124; Peak vs. United States, 61 Fed. (2d) 973; Grant vs.

The State, 112 S. W. 1068.  In State vs. Randall, 41 Tex. 296, and Holman vs. The State, 47 S. W. 850, it was held that any scheme for the distribution of prizes by chance is a lottery.  Accordingly, the "Bank Night" scheme (City of Wink vs. Griffith Amusement Company, supra), the "Buck Night " scheme (Robb and Rowley, et al vs. The State, 127 S. W. (2d) 221), and the "Noah's Ark" scheme (Smith vs. The State, 127 S. W. (2d) 297) have all been held to be lotteries.

We believe that the essential elements of a lottery are presented by the facts set forth in your letter. The theatre provides a fund or _prize_; a drawing is made and the _chance_ element occurs.  Moreover, the patron must be _present in_ the theatre when his name is drawn in order to be designated "movie critic" (and so indirectly furnishes _consideration_ for the chance.  See City of Wink vs. Griffith Amusement Company, supra), and thereby becomes eligible for the "Golden Fleece", namely, passes to the movies and a cash award.

It may be contended by some that the theatre operator has conceived an effective escape from the lottery laws by providing that the person designated "movie critic" must actually attend the pictures and must actually criticize, for which criticism he will be paid the grand award in cash.  We do not believe the Legislature intended to enact a statute which might be evaded by such subterfuge, and this department has heretofore ruled adversely to similar contentions.  In Opinion O-1329, dated September 7, 1939, the theatre operator sought to sidestep the lottery principal by "purchasing" the fingerprint of the winning patron, yet under the particular facts the scheme was held to constitute a lottery.  Likewise, in opinion O-1336 of this department, dated September 18, 1939, in which a "suit club" was held to constitute a lottery, the fact that contestant was compelled to write a twenty-five word statement telling why he liked the brand of clothes in question availed the proprietor nothing in escaping the condemnation of Article 654 of the Penal Code.

Consequently, it is the opinion of this department, and you are respectfully advised, that a theatre operator conducting the scheme set forth in your letter would be

guilty of operating a lottery as prohibited by Article 654 of the Penal Code of Texas, 1925.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Walter R Koch*
Walter R. Koch
Assistant

By *James D. Smullen*
James D. Smullen

JDS:JM

APPROVED NOV 21, 1939

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS